ed.  We find that the defendant offered no competent evidence which, under the pleadings, would constitute a defense to the action, hence the court erred in overruling the plaintiff's motion for a judgment *non obstante veredicto*.

The judgment is reversed, the motion is sustained and judgment is rendered for the plaintiff in the sum of $796.70, plus interest.

HORNBECK and FESS, JJ., concur.

FESS, J., of the Sixth Appellate District, sitting by designation in the Second Appellate District.

STILLPASS TRANSIT CO., INC., APPELLANT, *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP. LTD., APPELLEE.

(No. 8201—Decided November 5, 1956.)

*Mr. Nicholas Bauer* and *Mr. Thomas C. Spraul,* for appellant.

*Messrs. McCaslin, Imbus & McCaslin,* for appellee.

*Per Curiam.* A motion to dismiss the appeal on questions of law in this case has been filed.

Trial was to the Court of Common Pleas of Hamilton County without a jury.

In the final judgment entry, it is stated that, at the conclusion of all the evidence, a motion for judgment in favor of the defendant was sustained.

In response to a request for findings of fact and conclusions of law, the court made the following entry:

"Findings of Fact

"The court finds the facts in accordance with the evidence admitted at the trial by the plaintiff.

"Conclusions of Law

"The court concludes, as a matter of law, that under the facts the policy of insurance issued by the defendant to the plaintiff does not cover the loss or damage sustained by the plaintiff as shown by the evidence."

This entry bears the signature of the plaintiff's counsel and the words, "have seen." No exception, for any reason, was taken to the entry.

Judgment was entered in favor of defendant.

A motion to dismiss the appeal cannot be granted, but a motion to affirm the judgment will be considered.

It appears that no bill of exceptions was filed in the trial court until after forty days from the entry of judgment, and not within forty days from the perfecting of the appeal.

Section 2321.05, Revised Code, was amended, and as so amended became effective October 4, 1955. The petition was filed in the trial court July 6, 1955.

This section, as so amended, could have no application to the instant action, since it contained no provision requiring application to pending cases. Section 1.20, Revised Code. Even if such did apply, the bill of exceptions was not filed in time. The bill of exceptions is not before this court and may not be considered for any purpose.

The judgment entry merely recites that at the conclusion of all the evidence, the defendant filed a motion for judgment in its favor. The record before this court shows no request for a judgment as a matter of law, hence the trial court must be con-

sidered to have weighed the evidence. This court is, therefore, now limited to a question of whether the conclusions of law are not sustained by the findings of fact. By reference in such findings of fact by the court, the facts so found are "in accordance with the evidence admitted at the trial by the plaintiff." No objection or exception was made or taken by plaintiff to the findings of the trial court based upon the meagerness of such findings or otherwise. It would be necessary, therefore, to turn to the bill of exceptions to determine what were the facts shown by the evidence admitted at the trial by the plaintiff. There being no bill of exceptions, we cannot know what such facts were and, therefore, whether the conclusions of law are or are not sustained thereby.

Plaintiff has made an oral motion for "diminution of the record." His idea is that in some way this court could remand the case to the trial court for amplification or enlargement of the findings made by the trial court. The term in which the final entry was made has terminated. The trial court has lost jurisdiction to modify or enlarge such findings of fact, and, certainly, this court may not now order it to do so in an appeal to this court.

It is apparent from the statements of counsel for the plaintiff and his briefs that there is no question of fact or law which could now be adjudicated by this court, in the absence of a bill of exceptions, and in view of the record before this court.

For these reasons, the application for "diminution of the record" made by plaintiff must be denied, and the defendant's motion to dismiss, considered as a motion to affirm the judgment of the trial court, is granted.

*Judgment accordingly.*

Ross, P. J., Hildebrant and Matthews, JJ., concur.